UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CARL SCHAEFER, )
   Plaintiff, )
)
vs. )   No. 20-2192
)
JEFF WOODS and RUTH BOTTOM, )
   Defendants. )

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, claims his constitutional rights were violated by Sheriff Jeff Woods and Nurse Ruth Bottom at the Edgar County Jail. Plaintiff says he was transferred to the jail from Danville Correctional Center on November 18, 2019. Plaintiff was placed in a cell which was so cold he had to wear a coat to try and stay warm.

In addition, the nurse who made evening rounds did not have Plaintiff's medication. The nurse promised to investigate, but Plaintiff said he became "stressed out" worrying about when he would receive his medication. (Comp, p. 5). Plaintiff

1

does not provide the name of the nurse in the body of his complaint but he has identified Nurse Ruth Bottom in his list of Defendants.

Plaintiff is alleging a violation of his Eighth Amendment rights based on the cold conditions and a violation of his Eighth Amendment rights for deliberate indifference to a serious medical condition.[1] Unfortunately, Plaintiff has not provided an adequate factual basis for his claims.

For instance, Plaintiff's medical claim does not identify the specific medication or why he needed to take medication. Plaintiff also does not state how long he went without his medication and whether it had any impact on his condition. Plaintiff should also clarify whether Nurse Bottom was the nurse he spoke with and whether or not anyone responded to his questions about his medication.

In addition, Plaintiff does not state how long he remained in a cold cell. Furthermore, Plaintiff again fails to allege whether any specific Defendant knew about the cold conditions in his cell. In order to hold an individual liable under Section 1983, Plaintiff must "show that the defendants were personally responsible for the deprivation of their rights." *Wilson v. Warren Cty., Illinois*, 2016 WL 3878215, at *3 (7th Cir. 2016). "A defendant is personally responsible 'if the conduct causing the

---

[1] Based on Plaintiff's complaint, it appears he was a convicted prisoner at the time of his allegations; therefore, his claims are pursuant to the Eighth Amendment instead of the Fourteenth Amendment. *See Smith v. Dart*, 803 F.3d 304, 209 (7th Cir. 2015).

constitutional deprivation occurs at his direction or with his knowledge and consent.'" *Id. quoting Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). In addition, the mere fact that a defendant was a supervisor is insufficient to establish liability because the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under 42 USC §1983. *See Smith v. Gomez*, 550 F.3d 613, 616 (7th Cir. 2008)(supervisor liability not permitted under § 1983); *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992) (Supervisors are not liable for the errors of their subordinates).

Did the Plaintiff complain to any officers on the unit about the temperature or did the officers know about the conditions in his cell? How does Plaintiff know the Sheriff was aware of the problem in Plaintiff's cell?

For the reasons stated, the Court will dismiss Plaintiff's complaint as a violation of Rule 8 of the Federal Rules of Civil Procedure and for failure to clearly state a claim upon which relief can be granted. However, the Court will allow Plaintiff additional time to file an amended complaint clarifying his claims.

The amended complaint must stand complete on its own, must include all claims against all Defendants, and must not refer to the previous complaint. Plaintiff's amended complaint should answer the questions outlined in this order. If Plaintiff does not know the name of a specific Defendant, he should instead provide some identifying information such as whether they were male or female, a physical description if possible, the general time frame of Plaintiff's encounter with that person, and where it occurred.

Plaintiff has also filed a motion for appointment of counsel. [4]. Plaintiff has no constitutional right to the appointment of counsel and the Court cannot require an attorney to accept *pro bono* appointment in a civil case. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean,* 953 F.2d 1070, 1071 (7th Cir. 1992).

In considering Plaintiff's motion, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993). Plaintiff has not demonstrated any attempt to find counsel on his own such as a list of attorneys contacted. Therefore, the motion is denied with leave to renew. [4].

The Court also notes Plaintiff is no longer in custody. Therefore, the Court will require Plaintiff to provide an updated motion for leave to proceed *in forma pauperis* with information concerning his current income. Plaintiff must fill out the form in its entirety.

IT IS THEREFORE ORDERED:

1) Plaintiff's complaint is dismissed for failure to clearly state a claim upon which relief can be granted and violation of Rule 8 of the Federal Rules of Civil Procedure.

2) Plaintiff must file a motion for leave to amend with a complete proposed complaint attached in compliance with this order within 21 days or on or before December 8, 2020. If Plaintiff fails to file an amended complaint or before

December 8, 2020 or fails to follow the Court's directions, his case will be dismissed without prejudice.

3) Plaintiff must fill out a revised motion for leave to proceed *in forma pauperis* within 21 days or on or before December 8, 2020.

4) Plaintiff's motion for appointment of counsel is denied with leave to renew. [4]

5) The Clerk is to provide Plaintiff with blank complaint and IFP forms to assist him. In addition, the Clerk should reset the internal merit review deadline within 21 days of this order.

Entered this 16th day of November, 2020.

s/James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE